THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11cr74

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JACK ODELL BRACKEN. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Revoke Detention Order. [Doc. 4].

I. **PROCEDURAL BACKGROUND**

On August 28, 2011, the Defendant was issued citations by a United States Forest Service officer for disorderly conduct and driving on a revoked license. [Case Nos. F4437980, F4437981]. On August 29, 2011, the Defendant appeared for an initial appearance before the Honorable Dennis L. Howell, United States Magistrate Judge. At that time, the Government requested detention of the Defendant. The Defendant was appointed counsel, and a detention hearing was scheduled for September 1, 2011. Following the detention hearing, the Magistrate Judge issued an oral order detaining the Defendant pending trial. A written Order was entered on September 8, 2011. [Order of Detention Pending Trial, Case Nos. F4437980, F4437981].

Also on September 8, 2011, the Government filed a Bill of Information, charging the Defendant with breaking and entering a motor vehicle within the Pisgah National Forest with the intent to commit a felony or larceny therein [Doc. 1], and the parties filed a Plea Agreement, by which the Defendant agreed to plead guilty to the charge set forth in the Bill of Information [Doc. 2]. Thereafter, on September 9, 2011, the Defendant filed the present motion seeking to revoke the Magistrate Judge's Detention Order.[1] [Doc. 4].

The Defendant's initial appearance and arraignment were held on September 29, 2011. At that time, the Magistrate Judge conducted a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted the Defendant's guilty plea. [See Doc. 14]. The Magistrate Judge then entered an order detaining the Defendant pending sentencing, which, by agreement of the parties, incorporated the findings and conclusions set forth in the prior detention order. [Doc. 13].

II. **STANDARD OF REVIEW**

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

---

[1]Counsel filed a memorandum of law in support of this motion on September 12, 2011. The Court ordered this memorandum stricken on September 21, 2011 and gave counsel the opportunity to file a new memorandum in its place. Counsel's new memorandum was filed on September 23, 2011. [Doc. 8].

2

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order *de novo*. United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989).

## III. ANALYSIS

The Defendant has appealed the Magistrate Judge's order detaining him pending trial pursuant to the provisions of 18 U.S.C. § 3142. Subsequent to the filing of the Defendant's appeal, however, the Defendant entered a guilty plea, and he is now awaiting sentencing. The issue of whether a defendant should be detained pending sentencing is governed by 18 U.S.C. § 3143, which provides, in pertinent part, as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). By virtue of his guilty plea, the Defendant is now subject to the provisions of 18 U.S.C. § 3143. It is pursuant to that section

3

that the Defendant is detained under the Magistrate Judge's second detention order.  As the burden was on the Defendant to rebut the presumption of detention under section 3143, and the Defendant presented nothing on that point, the Magistrate Judge's second detention order is not in dispute before this Court.  Therefore, the Defendant is properly detained pursuant to section 3143.

Because the Defendant is properly detained pursuant to the second detention order, it is of no consequence as to whether the first detention order was proper.  The Defendant's appeal regarding the propriety of his pretrial detention pursuant to § 3142 (<u>i.e.</u>, the first detention order) is moot.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Revoke Detention Order [Doc. 4] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: October 11, 2011

Martin Reidinger
United States District Judge

4