# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 74

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JACK ODELL BRACKEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned pursuant to a violation report filed in the above entitled matter on December 20, 2011 by the United States Probation Office. In the violation report, the United States Probation Office has alleged the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing, it appeared defendant was present with his counsel, Rick Foster, and the government was present through Assistant United States Attorney Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney, the attorney for the defendant, and the records in this cause, the undersigned makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report (#30) that had been filed on December 20, 2011. The government introduced without objection the violation report into evidence. Defendant was charged in a bill of information filed on

September 8, 2011 with breaking and entering into a motor vehicle in violation of 18 U.S.C. § 13 and NCGS § 14-56. Defendant had been charged in previous charges with CVB violations. The undersigned had entered an order detaining defendant on these violations on September 8, 2011. On October 26, 2011, the undersigned reconsidered the issue of pretrial release of the defendant and entered an order releasing defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release;

(8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On December 12, 2011, United States Probation Officer Robert Ferguson made a home visit to the home of defendant and requested that defendant submit to a chemical analysis. At that time, defendant admitted that he had taken a Valium on December 8, 2011 which had not been prescribed to him. At the time of the hearing of this matter on December 28, 2011, the undersigned offered defendant an opportunity to take another test to see if defendant had taken any further controlled substances. Defendant consented to the taking of the test and the test had a positive

result showing that defendant had taken some type of drug that is legal to possess with a prescription. No evidence was presented which showed the defendant possessed a prescription of any type of controlled substance.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant committed a state crime while on release. Defendant advised United States Probation Officer Robert Ferguson that he had taken a Valium on December 8, 2011 which was not prescribed for him. This is a felony under state law.

NCGS § 90-95(a)(3). Due to the fact there is probable cause to believe that defendant has committed a state felony a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions of release would assure that defendant would not pose a danger to the safety of any other person or the community

There has further been shown by clear and convincing evidence that defendant has violated another condition of release in that it has been shown by clear and convincing evidence that he violated the term and condition of release which required that he not possess or consume any controlled substance for which he did not have a valid prescription. Defendant has admittedly violated this condition by possessing and taking a Valium on December 8, 2011.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g) it appears there is no condition or combination of conditions of release that will assure that defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon defendant's actions, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms

of pretrial release previously issued in this matter and entering an order detaining defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending sentencing and further proceedings in this matter.

Signed: December 30, 2011

Dennis L. Howell
United States Magistrate Judge